UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS ALEXANDER WARHOL,<br><br>Petitioner,<br><br>vs.<br><br>J.W. COX, IN HIS CAPACITY AS WARDEN OF YANKTON FEDERAL PRISON CAMP;<br><br>Respondent. | 4:20-CV-04188-KES<br><br><br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

Pending before the court is a *pro se* habeas petition pursuant to 28 U.S.C. § 2241 filed by petitioner Nicholas Alexander Warhol, an inmate at the Yankton Federal Prison Camp in Yankton, South Dakota.  See Docket No. 1.  In his petition, Mr. Warhol admits he has not yet exhausted his administrative remedies provided by the Bureau of Prisons ("BOP").  Id.  The court issued an order to show cause asking both parties to show why Mr. Warhol's petition should not be dismissed for failure to exhaust his administrative remedies.  See Docket No. 3.  In response, the respondent filed a motion to dismiss for failure to exhaust administrative remedies.  See Docket No. 14.  Mr. Warhol filed a response to the court's order to show cause as well as a response in opposition to respondent's motion to dismiss.  Docket Nos. 8 & 17.

This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge.

## DISCUSSION

A § 2241 petitioner must exhaust administrative remedies before filing. Mathena v. United States, 577 F.3d 943, 946 (8th Cir. 2009); United States v. Thompson, 297 Fed. App'x 561, 562 (8th Cir. 2008); United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000). Exhaustion under § 2241 is not, however, a jurisdictional prerequisite. Lueth v. Beach, 498 F.3d 795, 797 n.3 (8th Cir. 2007); Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).

The exhaustion requirement may be waived when pursuit of administrative remedies would be futile. Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993). When the denial of the inmate's request for relief was based on official agency policy, exhaustion has been held to be futile. Ward, 678 F.3d at 1045-46; Taylor v. U.S. Treasury Dep't, 127 F.3d 470, 477 (5th Cir. 1997). Where an inmate alleges the BOP's regulations themselves are unconstitutional, exhaustion of administrative remedies is excused. Totaro v. Warden Fort Dix FCI, 742 Fed. App'x 596, 598 (3d Cir. 2018); Gallegos-Hernandez v. United States, 688 F.3d 190, 194 (5th Cir. 2012); Woodall, 432 F.3d at 239 n.2.

Mr. Warhol is currently serving an 84-month term of incarceration imposed for conspiracy to distribute methamphetamine. See Docket No. 15 at p. 1. Mr. Warhol calculates his statutory release date to be December 23, 2022. Mr. Warhol asserts by completing the RDAP program his sentence was reduced by twelve months making his release date December 23, 2021. Furthermore, Mr. Warhol takes into account the six months prior to formal

release whereby most inmates at the Yankton Federal Prison Camp are released to home confinement, and he asserts the BOP should release him on June 28, 2021. Moreover, with the passage of the First Step Act ("FSA"), he claims he has 365 days of "earned credits." Thus, he argues, he should have been released on June 28, 2020, is being held wrongfully and should be immediately released. See Docket No. 1 at p. 6.

Respondent agrees with Mr. Warhol's calculation of his projected release date of December 23, 2021. See Docket No. 15 at p. 2. However, he disagrees with Mr. Warhol's other calculations involving the FSA.

Mr. Warhol concedes that he has not exhausted his administrative remedies, but asserts his petition presents a pure question of law so that exhaustion should not be required. See Docket No. 8 & 17. Mr. Warhol relies on a district court decision from the District of New Jersey in support of his argument. Goodman v. Ortiz, Civ. No. 25-7582 (RMB), 2020 WL 5015613 (D.N.J. Aug. 25, 2020).

Respondent argues that exhaustion should be required of Mr. Warhol. Firstly, respondent disputes Mr. Warhol's assertion that he is entitled to 365 days' earned credit under the FSA. Respondent asserts that only credits earned by an inmate after the passage date of the FSA on December 21, 2018, can be counted. See 18 U.S.C. § 3632(d)(4)(B).

In addition, respondent asserts that not every program or activity will result in earned credits under the FSA. See 18 U.S.C. § 3635(3). Even if a program theoretically qualifies for potential FSA earned credits, an inmate must successfully complete the program in order to be awarded credits, and

those credits can be diminished if an inmate commits disciplinary infractions. See 18 U.S.C. § 3632(e). Finally, inmates serving a sentence for certain enumerated crimes are ineligible to earn credits under the FSA. See 18 U.S.C. § 3632(d)(4)(D).

Given the FSA requirements, respondent asserts Mr. Warhol's petition does *not* present a pure question of law. Rather, there are a number of factual questions that must be answered in determining how much, if any, earned credit should indeed be credited to Mr. Warhol under the FSA. Were the programs or activities he is claiming qualified for FSA earned credit? Did he successfully complete the programs? Has he had any disciplinary infractions that would diminish his credits?

The Goodman case cited by Mr. Warhol is inapposite to the facts of his case. In Goodman, the petitioner asserted—*and the respondent did not dispute*—that all of the earned credits claimed by petitioner had been earned after passage of the FSA, were properly counted toward FSA earned credits, and that petitioner had successfully completed the programs. Goodman, 2020 WL 5015613, at *2. The BOP resisted the petition on the grounds that Congress had granted it until January 15, 2022, to phase in the FSA program. Id. at *1. BOP accordingly argued that, even though the petitioner was entitled to the earned credits, and even though crediting petitioner with the earned FSA credits would result in his immediate release, the BOP nevertheless did not have to release him until January 15, 2022. Id. at *1, 3-6. The court held that this issue presented a narrow question of statutory interpretation which was an exception to the rule of exhaustion. Id. at *3.

4

The court agrees with the Goodman decision insofar as it went. That court held that merely because Congress gave the BOP until January 15, 2022, to "phase in" the FSA, this did not mean that in every case the BOP could deny FSA credits and thereby deny earlier release to all qualifying inmates until that magic date. Id. at *3-6. The court held Congress did not deem January 15, 2022, to be the "effective date" of the FSA, but rather the latest date by which the BOP was required to fully implement the FSA. Id. In addition, Congress directed that inmates closest to their statutory release date should be given priority in participation in FSA-qualified programming so that they would be given first opportunity to earn FSA credits and secure their earlier release. Id. For all these reasons, the Goodman court granted the petitioner relief. Id.

But Mr. Warhol's case is not like Goodman. Respondent does *not* agree that he is entitled to all the credits he is claiming and notes whether Mr. Warhol successfully completed his post-FSA programs or activities is an unanswered factual question on this record. Further, any date the court arrived at today could potentially change if Mr. Warhol committed a disciplinary infraction after the date of this court's opinion and his FSA credits were accordingly reduced.

The court agrees with respondent. This case presents a number of factual disputes best served by creating a complete administrative record. That can only be done if Mr. Warhol is required to finish out the administrative exhaustion process. The court concludes he should be required to do so.

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge respectfully recommends granting respondent's motion to dismiss [Docket No. 14] and dismissing Mr. Warhol's petition *without* prejudice so that he can exhaust his administrative remedies. It is further recommended Mr. Warhol's motion to extend [Docket No. 18] be denied as moot.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 22nd day of January, 2021.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge