UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS ALEXANDER WARHOL,<br><br>Petitioner,<br><br>vs.<br><br>J.W. COX,<br><br>Respondent. | 4:20-CV-04188-KES<br><br>ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND ORDERING RESPONDENT TO RESPOND TO THE MERITS OF PETITIONER'S PETITION |

Petitioner, Nicholas Alexander Warhol, brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Docket 1. The petition was assigned to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), and this court's March 9, 2015, standing order.

Respondent moves to dismiss Warhol's petition for his alleged failure to exhaust administrative remedies. Docket 14. The Magistrate Judge entered a report and recommendation (Docket 19) recommending Warhol's petition be dismissed without prejudice to allow him to exhaust his administrative remedies. Docket 19 at 6. Warhol timely filed his objections. Docket 20.

The court's review of the Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de

novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

Generally, only after a prisoner exhausts the administrative remedies with the Bureau of Prisons may a prisoner seek judicial review of sentencing credit determinations. *See United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) ("Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241."). But the exhaustion requirement for a petition under 28 U.S.C. § 2241 is judicially created and not a jurisdictional requirement. *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007). "In determining whether exhaustion is required, federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *McCarthy v. Madigan*, 503 U.S. 140, 146-47 (1992).

In *McCarthy*, the Supreme Court recognized "three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion[:]" (1) the "administrative remedy may occasion undue prejudice[;]" (2) the "administrative remedy may be inadequate" because there is doubt that the agency can grant effective relief; and (3) the remedy is inadequate because the administrative body is biased and has predetermined the issue. *Id.* at 147-49. Under the first broad exception, the

2

Supreme Court recognized that "[e]ven where the administrative decision[-]making schedule is otherwise reasonable and definite, a particular plaintiff may suffer irreparable harm if unable to secure immediate judicial consideration of his claim." *Id.* at 147. Further, a habeas petition can be excused from the exhaustion requirements if the process would be futile and serve no useful purpose. *See Elwood v. Jeter*, 386 F.3d 842, 844 n.1 (8th Cir. 2004). Once the Bureau of Prison's (BOP) Central Office has rendered a decision on a BP-11 appeal, the administrative process is fully exhausted. *See* 28 C.F.R. §§ 542.14-542.15 (2021).

Here, the Magistrate Judge recommend that "[t]his case presents a number of factual disputes best served by creating a complete administrative record. That can only be done if Mr. Warhol is required to finish out the administrative exhaustion process. The court concludes he should be required to do so." Docket 19 at 5. Warhol sent his BP-11 appeal to the BOP's Central Office on January 22, 2021. Docket 20 at 1. Respondent claims that Warhol has a "projected release date of December 23, 2021, via an early release under 18 U.S.C. § 3621(e) for successful completion of a RDAP." Docket 15 at 2. But in his objection, Warhol asserts that if he is awarded his earned time credits his release date should have been on May 12, 2020. Docket 20 at 1. Warhol moves for an "[e]mergency [h]abeas" and claims he should have been released on April 15, 2020 if he had received his FSA credits. Docket 21. Warhol has alleged facts to show that requiring him to exhaust his administrative remedies before coming into court would cause him irreparable harm because he is

3

allegedly already entitled to be released from prison. *See McCarthy*, 503 U.S. at 147. Thus, respondent's motion to dismiss (Docket 14) is denied. This court rejects the Magistrate Judge's report and recommendation. Further, respondent must respond to Warhol's claims on the merits within **twenty-one days** from the entry of this order.

Thus, it is ORDERED:

1. That respondent's motion to dismiss (Docket 14) is denied.

2. That the Magistrate Judge's report and recommendation (Docket 19) is not adopted.

3. That Warhol's objections (Dockets 20, 21) are overruled.

4. That Warhol's motion for an extension (Docket 18) is denied as moot.

5. That respondent must respond to the merits of Warhol's petition **within twenty-one days** from the entry of this order.

Dated March 30, 2021

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE